RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/17/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM POWELL,<br>    Petitioner | CIVIL ACTION<br>SECTION "P"<br>NO. 1:12-cv-00296 |
| VERSUS | |
| WARDEN, AVOYELLES CORRECTIONAL CENTER,<br>    Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

MEMORANDUM ORDER

Before the court is a petition for writ of habeas corpus filed by William Powell ("Powell") pursuant to 28 U.S.C. § 2254 on January 26, 2012. On May 21, 2012, the Respondent filed a motion to transfer the case to the Eastern District of Louisiana (Doc. 9), which Powell opposes (Doc. 11).

The Respondent contends that transfer of this case to the Eastern District of Louisiana will be "easier, more expeditious, and less expensive" in the Eastern District than in the Western District of Louisiana. The Respondent bases its argument on the convenience and costs for the state District Attorney in New Orleans to handle the case where Powell was originally convicted (in New Orleans, Louisiana), which lies within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

Powell opposes the motion, contending that he is incarcerated

in the Avoyelles Correctional Center in Cottonport, Louisiana, which is located in the Western District of Louisiana. Costs of transferring Powell to the Eastern District of Louisiana, should a hearing be required, must also be considered.

Jurisdiction over a § 2254 application is proper in either the district where the applicant is in custody or the district in which the applicant was convicted and sentenced. See 28 U.S.C. § 2241(d); Carmona v. Andrews, 357 F.3d 535, 537-38 (5th Cir.2004). Thomas v. Quarterman, 272 Fed.Appx. 406 (5th Cir. 2008). Also, Sweeney v. Louisiana Dept. of Corrections, 2009 wl 1674644 (W.D.La. 2009).

In the case at bar, Powell is contesting his parole revocation. Although § 2254 provides general subject matter jurisdiction for habeas petitions, § 2241(d) gives Powell two choices. He may file in the Western District (the place of his incarceration) or in the Eastern District (the place of his original conviction and sentence).[1] Carmona, 357 F.3d at 537-538.

Powell properly filed his habeas petition in the Western

---

[1] Powell cannot file his habeas petition in the Middle District of Louisiana, where his parole was revoked. Powell's parole was revoked by the Louisiana Board of Parole, which is domiciled in Baton Rouge, Louisiana. La.R.S. 15:574.2(B). Venue for any suit contesting its actions is in Baton Rouge, Louisiana, which is within the Middle District of Louisiana. La.R.S. 15:574.2(B), 15:574.11, 15:571.15. However, because the Louisiana Board of Parole does not act as a state court and neither sentences nor convicts, Powell cannot file a § 2254 petition in the Middle District of Louisiana. Carmona, 357 F.3d at 537-538. Therefore, Powell's petition my be filed with the court that jurisdiction where he is incarcerated or where he was originally convicted.

District of Louisiana, which has jurisdiction over his place of incarceration. Under 28 U.S.C. § 1404(a) states that venue may be changed "[f]or the convenience of parties and witnesses, in the interest of justice."

It appears that, if the District Attorney in New Orleans does not handle this case, then the Louisiana Attorney General's office will continue to do so. Moreover, Powell's parole was revoked by the Louisiana Board of Pardons and Parole in Baton Rouge, not in New Orleans. Since there are no factors presented by the Respondent which outweigh the costs and problems of transporting Powell to and from the Eastern District of Louisiana for any hearings which may be required in this case, the Respondent has failed to prove that it would be more convenient for this case to be heard in the Eastern District of Louisiana.

Therefore, the Respondent's motion to transfer venue is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana on this 17th day of September 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

3